**UNITED STATES of America**

v.

**Patrick E. COOMBS, Appellant.**

**No. 71–1645.**

United States Court of Appeals, District of Columbia Circuit.

Aug. 2, 1972.

Messrs. J. David Mann, Jr., and Nelson L. Bain, Washington, D. C. (both appointed by this Court), were on the brief for appellant.

Mr. Harold H. Titus, Jr., U. S. Atty., and Messrs. John A. Terry, Herbert B. Hoffman, and Garey G. Stark, Asst. U. S. Attys., were on the brief for appellee.

Before WRIGHT, TAMM and WILKEY, Circuit Judges.

PER CURIAM:

Appellant was charged with burglary in the first degree and assault with a dangerous weapon. He was tried and convicted of the charges and now appeals, contending that the evidence produced by the Government was insufficient to support the verdict.

The key government witness in this case was the owner of the apartment allegedly burglarized by appellant. This witness did not see appellant's face, but did notice that his assailant wore a pair of very distinctive plaid pants. Appellant was subsequently seen and identified as having been in the vicinity by two witnesses. Both indicated that he was wearing a distinctive pair of plaid pants similar to those described by the first government witness. Appellant attempted to establish an alibi, although the validity of this alibi was seriously impeached by the Government.

Appellant argues that when the Government's case rests upon circumstantial evidence, the prosecution must negate every possible inference of innocence which might flow from the evidence. If the prosecution does not do this, it is contended that the trial judge must direct a verdict for the defendant.

The law is clearly to the contrary. In Holland v. United States, 348 U.S. 121, 139–140, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954), the Supreme Court said:

> The petitioners assail the refusal of the trial judge to instruct that where the Government's evidence is circumstantial it must be such as to exclude every reasonable hypothesis other than that of guilt. . . . [B]ut the better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect.
>
> . . .

A similar position has been uniformly adopted by this court. See Allison v. United States, 133 U.S.App.D.C. 159, 164, n.16, 409 F.2d 445, 450, n.16 (1969); Crawford v. United States, 126 U.S.App.D.C. 156, 375 F.2d 332 (1968); Curley v. United States, 81 U.S.App.D.C. 389, 160 F.2d 229, cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947).

The proper standard for determining whether evidence is sufficient to

allow the jury to decide the case was stated in *Curley, supra,* at 392, 160 F.2d at 232:

> [I]f a reasonable mind might fairly have a reasonable doubt or might fairly not have one, the case is for the jury, and the decision is for the jurors to make. . . . The judge's function is exhausted when he determines that the evidence does or does not permit the conclusion of guilt beyond reasonable doubt within the fair operation of a reasonable mind.

After considering the evidence before the court, it cannot be said that a reasonable mind would be forced to conclude that appellant was innocent. The trial judge did not, therefore, abuse his discretion in leaving the determination of guilt or innocence to the jury. The conviction is

Affirmed.