THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM B. CARR (Impleaded), Defendant-Appellant.

(No. 56054; ■■■■■■■■■

First District—December 19, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Michael Weininger and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Michael R. Epton, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

Defendant and Preston Bell were arrested and charged with the crime of armed robbery. Following a trial by the court, the defendant and his accomplice, Bell, were found guilty. Bell was sentenced to serve five to twelve years, and defendant was sentenced to serve four to eight years in the State penitentiary. Immediately upon hearing the sentence the defendant wheeled and punched the Assistant State's Attorney in the nose. The next day the judge sentenced Carr to serve six months in the County Jail for direct contempt of court, the sentence to run concurrently with that for armed robbery.

In *People v. Carr*, 3 Ill.App.3d 227, we affirmed the contempt conviction and granted the Public Defender's petition to withdraw from defendant's appeal in the contempt proceeding. Defendant, represented by the Public Defender's office, now prosecutes this appeal from his conviction for armed robbery. He presents two points:

    (1) that he was denied his right to a trial within the statutory limit of 120 days; and

    (2) that his sentence was excessive.

The facts follow.

At 11:15 P.M., on August 27, 1969, Walenty Szofer was finishing his duties as a C.T.A. motorman and had entered the elevated station at Cicero Avenue, in Chicago, where he was accosted by two men, later identified as the defendant and co-defendant, Preston Bell. Bell held a knife to Szofer's chest while the defendant took all the money from his wallet and handed it to Bell. Bell then took Szofer's wristwatch. At that moment Szofer saw Chicago Police Officer Frank McLaughlin, who was checking the station, and alerted him that he was being robbed. Officer McLaughlin detained the defendant but Bell escaped momentarily, and was arrested near the scene by assisting officers.

Defendant's first contention is that he was denied his right to a speedy trial, pursuant to Ill. Rev. Stat. 1969, ch. 38, par. 103—5, which provides that a defendant shall be brought to trial within 120 days after being arraigned, unless the delay is occasioned by the defendant himself. The issue here turns on the determination of who was responsible for the continuance allowed on January 26, 1970.

On that date, counsel for the defense stated that he needed more time for preparation, and desired a continuance of the case, in which the State concurred. The defendant, notwithstanding his counsel's wish, wanted

a trial at once. Nevertheless, the Assistant Public Defender representing defendant advised him in the presence of the court that he needed more time, and the continuance was then granted on that request. While the defendant continued to strenuously object, he did not discharge his attorney, and that counsel continued to represent defendant throughout the trial, and indeed in this court.

■■ If the court had acceded to defendant's demands, and had defendant been found guilty, the question would surely have arisen as to whether defendant had been denied the effective assistance of counsel who had stated that he was not prepared to defend. The four-term act was not violated and the court took proper action in continuing the case.

■■ Defendant next contends that the sentence of four to eight years was excessive. The law provides for a sentence, in armed robbery cases, of an indeterminate term, with a minimum of not less than two years. (Ill. Rev. Stat. 1969, ch. 38, par. 18—2.) Thus, the sentence was safely within the statutory limits. However, defendant contends that the sentence is a great departure from fundamental law in that it is manifestly excessive or disproportionate to the nature of the crime. (*People v. Smith*, 14 Ill.2d 95.) Defendant had previously been sentenced to one year in the House of Correction. Moreover, assuming the accuracy of the trial court's observations that accomplice Bell was the "moving party," the defendant's sentence was not out of proportion to his participation in this violent crime.

No reduction of sentence is warranted in this case.

Judgment affirmed.

LEIGHTON and HAYES, JJ., concur.