**STATE of Iowa, Appellee,**

v.

**Clyde Delbert POOLER, Appellee.**

**No. 58994.**

Supreme Court of Iowa.

June 29, 1977.

Richard A. Knock, Cedar Falls, for appellant.

Richard C. Turner, Atty. Gen., Ray W. Sullins, Asst. Atty. Gen., and David H. Correll, County Atty., for appellee.

Heard by MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLDSON and McCORMICK, JJ.

McCORMICK, Justice.

We here review a decision of the court of appeals which reversed defendant's conviction on the ground entrapment was established as a matter of law. We reverse.

Defendant was convicted and sentenced for burglary of the Jack Luloff home in Evansdale in the early morning of January 15, 1975. At trial he interposed a defense of entrapment. This defense was predicated on the involvement in the burglary of officer David Zarifis of the Cedar Falls police department.

Zarifis was working undercover. The police were investigating the possible implication of one Jack Siemens in several unsolved armed robberies. They had information that defendant, a paroled felon with a reputation as a heavy drug user, was attempting to purchase a handgun. Zarifis contacted defendant on the pretext he was a fugitive who had a handgun to sell. Although no sale was made, he gained defendant's confidence and was led by defendant to believe he would be permitted to participate in an armed robbery planned by defendant and Siemens.

However, defendant told Zarifis he would first have to prove himself by participating with him in a break-in. Zarifis consulted his superiors and was given permission to do so.

At about 10:30 p. m. on July 14, 1975, Zarifis picked up defendant and drove around the Waterloo area with him, the men each consuming about five cans of beer during the course of the ride. They arrived at the Luloff residence at approximately 1:00 a. m. The family was not home. Defendant pushed in the basement window and Zarifis followed him into the house. Zarifis later testified they were both under the influence of alcohol "to a degree." At defendant's direction Zarifis removed a quantity of rifles, shotguns and ammunition from the home. Jewelry and other items

were also taken. They placed the stolen goods in Zarifis' car and departed. Later they divided the booty at defendant's home. After Zarifis reported to his superiors a decision was made to arrest defendant for the offense. At about 6:30 a. m. defendant was arrested and the stolen property in his possession was recovered.

During the course of trial defendant twice moved for directed verdict on the ground entrapment existed as a matter of law. His motions were overruled. The trial court instructed the jury on the defense of entrapment in accordance with principles enunciated in *State v. Mullen*, 216 N.W.2d 375 (Iowa 1974). The jury found defendant guilty and he was sentenced.

On appeal, we transferred the case to the court of appeals. Defendant urged two grounds for reversal, one that the trial court erred in not finding entrapment as a matter of law, and the other that the court erred in not instructing the jury to acquit defendant if it found the police conduct to be reprehensible on the occasion involved. In reversing the conviction, the court of appeals, in a three-to-two decision, held Zarifis' conduct constituted government involvement in crime so outrageous and reprehensible as to be contrary to public policy which, on that basis, established entrapment as a matter of law.

■ Acknowledging that its holding was without precedent in Iowa, the court of appeals said:

> We fully recognize that it is not this court's function to declare "new" law or to engage in speculation concerning this state's public policy. Nonetheless, this case is here for decision and we are convinced that our Supreme Court, if presented with the issue, would hold that government over involvement in crime can be so reprehensible as to be contrary to public policy pursuant to [*State v. Mullen*, 216 N.W.2d 375 (Iowa 1974)] rationale.

In this review of the court of appeal's decision, we do not reject the principle that under our supervisory power over the courts or on due process grounds we might find government involvement in crime so outrageous and reprehensible as to require acquittal of an accused. However, we hold that the entrapment doctrine will not be extended to encompass such situation and that police participation in the present offense was not so outrageous and reprehensible as to require acquittal of this defendant.

■ The objective standard of entrapment adopted by this court in *Mullen* is that entrapment occurs when a law enforcement agent induces the commission of an offense using persuasion or other means likely to cause a normally law-abiding person to commit the offense. We rejected the prior subjective standard because of its misplaced focus on the predisposition of the accused rather than a concern for the reprehensiveness of the government conduct involved. *State v. Mullen*, supra, 216 N.W.2d at 381. We did not say all reprehensible police conduct is entrapment. See *State v. Pelelo*, 247 N.W.2d 221, 224–225 (Iowa 1976).

■ The trial court correctly applied the objective standard in the present case. Under principles explained in *State v. Leonard*, 243 N.W.2d 75 (Iowa 1976), the court did not err in refusing to hold defendant was entrapped as a matter of law. Ample evidence existed from which the jury could find the State negated the defense of entrapment under the *Mullen* standard. Based on Zarifis' testimony, the jury was free to find the police did not engage in any activity likely to cause a normally law-abiding person to commit the offense. Entrapment under the objective standard was not established as a matter of law. The court of appeals erred in extending the law of entrapment beyond the objective standard adopted in *Mullen*.

■ In holding that not all outrageous and reprehensible state involvement in crime is entrapment, we do not intimate that convictions will invariably be tolerated just because the objective entrapment standard is not offended. We reviewed many of the authorities on this subject in *State v. Apt*, 244 N.W.2d 801 (Iowa 1976). A majority of the members of the United States Supreme Court are unwilling to foreclose

the possibility of barring prosecution in cases of police involvement in crime, even when an entrapment defense is not established. See *Hampton v. United States,* 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976). We adopt the same stance.

█ Moreover, in reversing the court of appeals, we do not wish to be understood as condoning the police conduct in this case. This was not the kind of undercover work traditionally countenanced in vice and drug cases. In those cases undercover officers do not directly or actively expose innocent members of the public to risk of violence and loss of property. We condemn the conduct involved here. The citizens of this state should not be subjected to police participation in the burglary of their homes. This is especially deplorable when the activity is predicated on the mere possibility it might assist in apprehending a person suspected of having committed offenses which were not much more serious. The police conduct is indefensible. It is mitigated only because it undoubtedly arose from poor judgment rather than bad faith or malice, and it did not breach any right of this defendant. We trust that the fact it does not result in the defendant's acquittal in the present case does not mean it will recur.

Like the majority of the court of appeals, we find the police participation in the burglary outrageous and reprehensible. However, we do not find it constituted entrapment as a matter of law nor do we find it so outrageous and reprehensible that a defendant whose rights were not infringed should be acquitted because of it. Nothing in this opinion is intended to minimize or discourage other means of redress available to the public or injured citizens by reason of police misconduct.

We reverse the court of appeals. Defendant's conviction and sentence are reinstated.

REVERSED.