# IN THE COURT OF APPEALS OF IOWA

No. 14-0602
Filed August 19, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RUSSELL KEITH KUTCHER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Lee (North) County, Emily S. Dean,

District Associate Judge.

        A defendant appeals his conviction for driving with a suspended license.

**AFFIRMED.**

        Beau A. Bergmann of Bergmann Law Firm, P.L.L.C., Mt. Pleasant, for

appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik, Tyler J. Buller, and

Jean C. Pettinger, Assistant Attorneys General, Louis S. Soven, Student Legal

Intern, Michael Short, County Attorney, and Clinton R. Boddicker, Assistant

County Attorney, for appellee.

        Considered by Tabor, P.J., Bower, J., and Goodhue, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**TABOR, P.J.**

Russell Kutcher appeals his conviction for driving with a suspended license, in violation of Iowa Code section 321J.21 (2013). Advancing claims under both sufficiency and weight-of-the-evidence headings, Kutcher asserts the State did not prove he was driving on the date in question. Because Kutcher did not move for a new trial, he did not preserve his challenge to the weight of the evidence. Because the jurors were entitled to believe the police officer who testified he saw Kutcher driving, we decline to disturb the guilty verdict. Accordingly, we affirm.

At Kutcher's trial, Fort Madison Police Officer Randy Davis testified he received a dispatch during the afternoon of September 26, 2013, reporting that Kutcher was seen driving a gray Cadillac Seville. Officer Davis knew Kutcher and knew his license was suspended due to a prior conviction for operating while intoxicated. The officer drove west to the area of the sighting and personally saw Kutcher driving the Cadillac eastbound. Officer Davis turned his squad car around and followed Kutcher. A few minutes later, the officer arrived to see Kutcher closing the front driver's side door of the Cadillac and walking down the sidewalk. Officer Davis made contact with Kutcher, who denied driving the vehicle. The officer placed Kutcher under arrest. Kutcher asked if he could retrieve his puppy out of the hot car, and the officer agreed. Officer Davis transported both Kutcher and his puppy to the police station.

Kutcher stipulated that his license was suspended but testified he had not been driving. Rather Kutcher told the jury he was inside his wife's car because it

had overheated and he wanted to pop the hood and check the radiator. Kutcher testified Officer Davis had a vendetta against him. Kutcher's wife corroborated Kutcher's version of events. After deliberating for twenty-eight minutes, the jury returned a guilty verdict. On appeal, Kutcher claims the verdict was not supported by substantial evidence and also claims it was contrary to the weight of the evidence.

## I.      Standards of Review

We review sufficiency claims for correction of legal error. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). If we were to reach the weight-of-the-evidence argument, we would apply an abuse-of-discretion standard. *State v. Nitcher*, 720 N.W.2d 547, 559 (Iowa 2006).

## II.     Analysis

Before deciding if the State presented sufficient proof of Kutcher's driving, we address the State's claim that he failed to preserve his argument the verdict was contrary to the weight of the evidence. To preserve error, Kutcher was required to file a motion for new trial. *See* Iowa R. Crim. P. 2.24(2)(b)(6). Kutcher did not file a motion for new trial nor does he claim on appeal that trial counsel was ineffective for not doing so. Accordingly, Kutcher has not preserved error on his claim, raised for the first time on appeal, that he was entitled to a new trial because the verdict was contrary to the weight of the evidence. *See State v. Mitchell*, 757 N.W.2d 431, 435 (Iowa 2008) (stating we do not consider issues raised for the first time on appeal).

Kutcher preserved his sufficiency-of-the-evidence claim by unsuccessfully moving for judgment of acquittal. "In determining the correctness of a ruling on a motion for judgment of acquittal, we do not resolve conflicts in the evidence, pass upon the credibility of witnesses, or weigh the evidence." *State v. Hutchison*, 721 N.W.2d 776, 780 (2006) (citing *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005)). Those tasks are for the jury. *Id.* We recognize jurors are free to "reject certain evidence" and "credit other evidence." *Sanford*, 814 N.W.2d at 615.

We uphold verdicts if they are supported by substantial evidence. *State v. Keeton*, 710 N.W.2d 531, 532 (Iowa 2006). Evidence is substantial if it would convince a rational fact finder the defendant is guilty beyond a reasonable doubt. *Id.* We view the evidence in the light most favorable to the verdicts, including legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence. *Id.*

For a driving under suspension conviction, the State was required to prove two elements: (1) Kutcher's driver's license was suspended due to a violation of chapter 321J and (2) he drove a motor vehicle while the license was suspended. *See* Iowa Code § 321J.21(1). Kutcher stipulated that on September 26, 2013, his license was suspended. The sole question before the jury was whether the State proved Kutcher drove his wife's Cadillac on the day of his arrest.

Kutcher argues "there is only sufficient evidence to sustain a guilty verdict if the State's evidence is wholly inconsistent with any rational hypothesis of [his]

innocence."[1]   Forty years ago, our supreme court used that language in analyzing sufficiency questions when the State's case rested on circumstantial evidence alone.  *See State v. Overstreet*, 243 N.W.2d 880, 884–85 (Iowa 1976). But the court has since eliminated the distinction between direct and circumstantial evidence when testing the sufficiency of the evidence.  *See State v. O'Connell*, 275 N.W.2d 197, 204–05 (Iowa 1979).  Accordingly, we decline to apply that sufficiency standard here.

The State presented direct evidence of Kutcher's guilt.  Officer Davis testified he saw Kutcher driving the Cadillac.  That testimony alone is sufficient to generate a jury question.  The jury could believe the officer's eyewitness recollection of the events and find Kutcher's guilt beyond a reasonable doubt.  In addition, the officer testified that moments later he saw Kutcher shut the driver's side door of the parked car and walk away—at a location about four blocks from the Kutcher residence.  The jury was free to infer that Kutcher parked the Cadillac at the first place he could avoid being stopped for driving while his license was suspended.  That inference was bolstered by the fact Kutcher walked away leaving his puppy behind in the car.

While Kutcher and his wife testified Kutcher did not drive the car that day, "[t]he jury is free to believe or disbelieve any testimony as it chooses."  *State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993).  As defense counsel framed the issue in his opening statement: "All we have is Officer Davis' word and Russell

---

[1] Kutcher cites *State v. Thomas*, 847 N.W.2d 438, 458 (Iowa 2014) (Hecht, J., dissenting) for the proposition that the wholly-inconsistent-with-innocence standard is still viable.  Kutcher's argument has two shortcomings.  First, the language is cited in the dissent, and second, it is discussed in the context of constructive possession.

Kutcher's word." The jurors accepted the officer's word. The evidence was sufficient to support Kutcher's conviction for driving while his license was suspended.

**AFFIRMED.**