# IN THE COURT OF APPEALS OF IOWA

No. 17-0403
Filed September 27, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOHN GEORGE BISDORF JR.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Mark T. Hostager, District Associate Judge.

John Bisdorf Jr. appeals the judgments and sentences entered following his guilty plea to domestic abuse assault and first-degree harassment. **AFFIRMED.**

Colista K. Anglese of Hammer Law Firm, PLC, Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

John Bisdorf Jr. appeals the judgments and sentences entered following his guilty plea to the aggravated misdemeanors of domestic abuse assault, in violation of Iowa Code section 708.2A(2)(d) (2016), and harassment in the first degree, in violation of section 708.7(2). Bisdorf appeals, contending the failure of the district court to conduct a hearing on his request for new counsel violated his Sixth Amendment right to counsel. Additionally, Bisdorf claims his trial counsel's failure to request a hearing for substitute counsel amounted to ineffective assistance.

Although we find the court had a duty to inquire into the alleged breakdown in communication between Bisdorf and his counsel, the record concerning the alleged breakdown is inadequate for us to decide this issue on direct appeal. We preserve it for potential postconviction-relief proceedings. Also, because the record is inadequate for us to decide Bisdorf's claims of ineffective assistance of counsel, we preserve them for potential postconviction-relief proceedings. We affirm Bisdorf's convictions.

### I. Background Facts and Proceedings

After assaulting his live-in girlfriend on October 9, 2016, Bisdorf was charged with three counts: (I) domestic abuse assault, a class "D" felony, in violation of Iowa Code sections 708.2A(1) and 708.2A(5); (II) harassment in the first degree, an aggravated misdemeanor, in violation of Iowa Code sections 708.7(1)(b) and 708.7(2); and (III) domestic abuse assault causing bodily injury, a serious misdemeanor, in violation of Iowa Code sections 708.2A(1) and 708.2A(2)(b). Bisdorf was appointed counsel and entered pleas of not guilty.

The initial pretrial conference was scheduled for November 21, 2016, final pretrial conference was scheduled for December 5, and a jury trial was set for December 13. The initial pretrial conference was held as scheduled. On November 28, the district court received a "Notice of Complaint"—the first pro-se filing from Bisdorf. Therein, Bisdorf complained, among other things, about the delay in proceedings and the lack of due diligence by his counsel. To address the pro-se filing, the court scheduled a status hearing in conjunction with the final pretrial conference. Bisdorf was not present at the hearing. Trial was continued to December 20 "at the request of the defendant." Bisdorf's counsel advised the court it was Bisdorf's desire to withdraw his complaint. The court ordered defense counsel to meet with Bisdorf, secure a writing to this effect, and file it with the court.

A week later, Bisdorf's trial was again continued, "at the request of the defendant," to January 3, 2017. Bisdorf sent a letter that was received by the clerk of court on December 16, expressing his concern with his counsel's "lack of due diligence" and demanding appointment of a new attorney. Bisdorf's counsel filed an application for competency evaluation, requesting that Bisdorf's ability to stand trial be evaluated and his mental status determined. The court suspended the criminal proceedings and ordered Bisdorf be evaluated to determine his competency to stand trial.

The court continued to receive a number of complaints and ex-parte communications from Bisdorf. These again expressed Bisdorf's concern with his counsel and his frustration at the alleged lack of trial preparation. His pro se "Motion To Withdrawl," filed January 31, 2017, alleges "a total breakdown in communications" between himself and his counsel due to his counsel's "lack of

due diligence." Bisdorf filed a pro se "Notice of Complaint" on February 2, alleging "a major breakdown in Attorney Client Relations" and that he was "suffering from infliction of counsels lack of Du[e ]diligence."

A competency evaluation report was filed with the court. The report concluded Bisdorf was competent to stand trial. The court scheduled a competency review hearing for March 6, 2017.

On February 16, Bisdorf filed written guilty pleas and a waiver of presence, pleading guilty to a reduced charge of domestic abuse assault, in violation of Iowa Code section 708.2A(2)(d), an aggravated misdemeanor, and harassment in the first degree, in violation of section 708.7(2), an aggravated misdemeanor. The State agreed to dismiss Count III, the domestic-abuse-assault-causing-bodily-injury charge. Based on the report filed with the court, a stipulation regarding competency was also filed. The court, based upon the report and the parties' stipulation, found Bisdorf "competent now and at the time he signed the written guilty pleas dated February 15, 2017, and filed on February 16, 2017."

The district court accepted Bisdorf's guilty pleas and waiver of rights, and it adjudged him guilty of domestic abuse assault, in violation of section 708.2A(2)(d), and first-degree harassment, in violation of section 708.7(2). On each conviction, the court sentenced Bisdorf to two years of incarceration, suspending all but two days, with the sentences to be served consecutively.[1] He

---

[1] The record is not clear whether Bisdorf was present at his sentencing hearing—a right he waived by signing the written pleas.

was placed on probation for two years, and was also assessed with fines, surcharges, and various and sundry fees and costs.

Bisdorf appeals from the judgments and sentences of the district court. He contends the court's failure to conduct a hearing on his request for new counsel violated his Sixth Amendment right to counsel and that counsel's failure to request a hearing for substitute counsel amounted to ineffective assistance.

## II. Standard of Review

We review a defendant's claimed violation of constitutional right to counsel de novo. *See State v. McKinley*, 860 N.W.2d 874, 878 (Iowa 2015); *State v. Smith*, 761 N.W.2d 63, 68 (Iowa 2009). The standard of review for an allegation of ineffective assistance of counsel is de novo. *See State v. Tejeda*, 677 N.W.2d 744, 754 (Iowa 2004).

## III. Analysis

Bisdorf claims the district court denied his Sixth Amendment right to counsel when it failed to conduct a hearing on his request for new counsel. Bisdorf asserts he was entitled to new counsel due to an alleged breakdown in communication with his counsel. When the court is requested to appoint new counsel, a defendant must demonstrate a sufficient cause to justify replacement. *See Tejeda*, 677 N.W.2d at 749-50; *State v. Webb*, 516 N.W.2d 824, 828 (Iowa 1994). "Sufficient cause includes a conflict of interest, irreconcilable conflict, or a complete breakdown in communication between the attorney and the client." *State v. Lopez*, 633 N.W.2d 744, 779 (Iowa 2001). *Tejeda* explicitly recognizes the duty of a court to make an inquiry once the "defendant requests substitute counsel on account of an alleged breakdown in communication." 677 N.W.2d at

750. The duty of inquiry may be fulfilled when a court personally asks a defendant the nature of the communication issues, enabling the court to determine whether a complete breakdown in communication existed. *See id.* at 750-52.

The court did not personally ask Bisdorf the nature of his communication problems. At the status hearing on Bisdorf's November 28 "Notice of Complaint," Bisdorf's counsel indicated Bisdorf desired to withdraw the complaint, but no writing was secured to this effect. In his letters and later pro-se communications to the court, Bisdorf alleged a "major breakdown in attorney client relations" and a general dissatisfaction with counsel's communication. Apart from the status hearing, at which Bisdorf was not present, the court took no further action to inquire into Bisdorf's requests for new counsel before accepting his guilty pleas.

The State argues Bisdorf's pro se filings tell only one side of the story. Although it concedes it would have been prudent for the court to have conducted an inquiry into the alleged breakdown in communications before accepting Bisdorf's pleas, the State argues the court's lack of inquiry into the matter "does not automatically establish that any constitutionally significant breakdown in communication occurred." We agree. *See State v. O'Connell*, 275 N.W.2d 197, 206 (Iowa 1979) (noting ineffective-assistance claims should be preserved for postconviction-relief proceedings to allow defendant's counsel an opportunity to rebut the allegations).

Because the court took no action to inquire into the allegations made by Bisdorf, the record is inadequate for us to resolve this issue on direct appeal. *See Tejeda*, 677 N.W.2d at 752. Without an adequate record indicating if, or to

what extent, a complete breakdown in communication occurred, we are left only with Bisdorf's allegations. Furthermore, adjudication of this issue on direct appeal would effectively deny Bisdorf's counsel the opportunity to rebut the allegations. *See O'Connell*, 275 N.W.2d at 206. We preserve Bisdorf's claim for postconviction-proceedings where a hearing may be held and an adequate record developed. *See Tejeda*, 677 N.W.2d at 753 (citations omitted). We affirm Bisdorf's convictions and sentences without adjudicating whether the district court's failure to inquire into the alleged breakdown in attorney-client communications and appoint substitute counsel denied Bisdorf his Sixth Amendment right to counsel.

Bisdorf additionally contends his counsel was ineffective in failing to request a hearing regarding Bisdorf's requests to remove and substitute counsel. This claim largely rests on Bisdorf's allegations of a complete breakdown in communication. Bisdorf also asserts his counsel was ineffective in failing to share any discovery information with him, failing to take depositions, and in pressuring him to plead guilty. When a valid guilty plea is signed, the only challenges available are those that are fundamental to the plea itself. *See State v. Mann*, 602 N.W.2d 785, 789 (Iowa 1999). Ineffective-assistance-of-counsel claims are generally within this category. *See State v. LaRue*, 619 N.W.2d 395, 398 (Iowa 2000).

Ineffective-assistance-of-counsel claims are usually preserved for postconviction-relief proceedings, but we will review these claims on direct appeal when the validity of the claim is sufficiently established by the evidence available. *See Webb*, 516 N.W.2d at 828. "We prefer to reserve such questions

for postconviction proceedings so the defendant's trial counsel can defend against the charge." *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015) (citations omitted). The record is inadequate for us to decide the merits of Bisdorf's ineffective-assistance-of-counsel claims. We preserve them for potential postconviction-relief proceedings.

## IV. Conclusion

Although the district court had a duty to inquire into the alleged breakdown in communication between Bisdorf and his counsel, because the record is inadequate to resolve Bisdorf's Sixth amendment claim on direct appeal, we preserve the claim for potential postconviction-relief proceedings. Because the record is inadequate for us to decide Bisdorf's ineffective-assistance-of-counsel claims, we preserve them for potential postconviction-relief proceedings. We affirm Bisdorf's convictions and sentences.

**AFFIRMED.**