# IN THE COURT OF APPEALS OF IOWA

No. 20-1123
Filed August 4, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KOREY MICHAEL EDWARDS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, William Patrick Wegman, District Associate Judge.

Korey Edwards appeals his conviction of assault causing bodily injury following a jury trial. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Israel J. Kodiaga, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Korey Michael Edwards appeals his conviction of assault causing bodily injury following a jury trial. Edwards's sole argument on appeal concerns the sufficiency of the evidence to support the verdict. Finding the evidence sufficient to support the verdict, we affirm.

## I. Background Facts & Proceedings

In November 2019, A.T. was watching television at her apartment in Cedar Falls when she heard a female calling for help. She could not identify the woman's voice. A.T. also heard "loud thuds" as though objects were being thrown at the wall. She believed the noises were coming from an upstairs apartment. Concerned for the female's safety, A.T. telephoned law enforcement. Cedar Falls police officer Eric Van Horn responded to the scene. The officer searched for signs of a disturbance and knocked on several apartment doors located on the floor above A.T.'s apartment but was unable to locate the distressed female. The officer left the apartment complex. An hour later, law enforcement received a call from S.N., who reported that her friend, T.C., had been assaulted. T.C. lived in the apartment below A.T. Officer Van Horn was dispatched to the apartment complex a second time.

The officer located S.N. and T.C. in T.C.'s apartment. T.C. exhibited numerous injuries, including a laceration above the eye, bruising, welts on her arms, and a scratch across her neck. She had blood on the palm of one of her hands. In addition to the observed bodily injuries, T.C.'s apartment evinced signs of struggle. The bathroom door was broken from its frame, the drywall was damaged, a broom handle was snapped, and a broken hair straightener was

observed. A clump of hair was in the toilet. T.C. appeared fearful and was crying when speaking with police. During her interview, T.C. identified her attacker as Korey Edwards.

Later that same day, law enforcement received notice that Edwards had returned to the apartment complex. Officer Van Horn was again dispatched to the apartment where he located Edwards. During his initial encounter with law enforcement, Edwards lied about his identity. He admitted his identity after further interrogation. Officer Van Horn arrested Edwards, who voluntarily stated, "She started it." Edwards added, "She is not even pressing charges. I mean, I just talked to her." Following jury trial, Edwards was convicted of assault causing bodily injury.[1] The court overruled Edward's motion for a new trial and sentenced Edwards to sixty days in jail, with all but four days suspended.[2] Edwards timely appeals.

## II.    Standard of Review

We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). We consider the evidence in the record "in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." *Id.* (quoting *State v. Keopasaeuth*, 645 N.W.2d 637, 640 (Iowa 2002)). We will, however, consider all evidence in the record, including evidence that does not support the

---

[1] The State initially charged Edwards with domestic abuse assault causing bodily injury, in violation of Iowa Code section 708.2A(2)(b) (2019). A lesser included offense of assault causing bodily injury was submitted to the jury.
[2] At the time of sentencing, a no-contact order violation was pending. Such is not part of the instant appeal.

verdict. *State v. Petithory*, 702 N.W.2d 854, 856–57 (Iowa 2005). Evidence raising only "suspicion, speculation, or conjecture is not substantial." *State v. Leckington*, 713 N.W.2d 218, 221 (Iowa 2006).

"Inherent in our standard of review of jury verdicts in criminal cases is the recognition that the jury [is] free to reject certain evidence, and credit other evidence." *State v. Nitcher*, 720 N.W.2d 547, 556 (Iowa 2006) (citation omitted). Circumstantial evidence is afforded the same probative value as direct evidence. *See State v. O'Connell*, 275 N.W.2d 197, 205 (Iowa 1979).

## III.    Analysis

For a conviction of assault causing bodily injury, the State was required to prove the following elements beyond a reasonable doubt:

> (1) On or about the 20th day of November, 2019, the defendant either did an act:
> (a) Which was intended to cause pain or injury to [T.C.], or
> (b) Which was intended to result in physical contact which was insulting or offensive to [T.C.], or
> (c) Which was intended to place [T.C.] in fear of immediate physical contact which would have been painful, injurious, insulting or offensive to [T.C.].
> (2) The defendant had the apparent ability to do the act.
> (3) The defendant caused a bodily injury to [T.C.].

Edwards asserts the State failed to present direct evidence that he perpetrated an injurious act against T.C. He does not challenge the evidentiary rulings of the district court but rather argues that while the evidence could indicate there was an argument between himself and T.C., it is not indicative of an assault. As the State's case is predicated on the testimony of Officer Van Horn and S.N., Edwards asserts such testimony is not direct evidence of guilt.[3]

---

[3] The victim, T.C., did not testify at Edwards's jury trial.

From the evidence submitted at trial, a rational jury could have found on November 20, 2019, Edwards assaulted T.C., resulting in bodily injury. Officer Van Horn observed welts on T.C.'s arms, a laceration over her eye, bruising, and a scratch on her neck. Witnesses testified to the assault and T.C.'s fearfulness after the assault. T.C. identified her attacker to several witnesses, including law enforcement. Moreover, the damage to the apartment, consistent with a violent altercation, supports the jury verdict. Edwards frequented the apartment complex, admitted to fighting with T.C., saying, "She started it," and attempted to obscure his identity when questioned. Such evidence establishes Edwards perpetrated an injurious act against T.C.

Credibility determinations are the province of the jury and, barring patent inconsistency, impossibility, or other manifest defect, we will not gainsay the trier of fact. *See State v. Fister*, No. 15-1542, 2016 WL 6636688, at *3 (Iowa Ct. App. Nov. 9, 2016). In the instant case, there was sufficient evidence for a reasonable jury to find Edwards guilty of assault causing bodily injury.

## IV.     Conclusion

The record contains evidence sufficient to convince a rational jury of Edward's guilt. Accordingly, we affirm.

**AFFIRMED.**