(No. 46299.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. SIDNEY J. HARDAMAN, Appellant.

*Opinion filed November 18, 1974.*

Paul Bradley, First Deputy, Office of State Appellate Defender, and James R. Streicker, Assistant Appellate Defender, both of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, and Patrick T. Driscoll, Jr., and William F. Linkul, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

In the circuit court of Cook County, defendant, Sidney Hardaman, pleaded guilty to charges of robbery

and aggravated battery and was sentenced to concurrent terms of not less than six nor more than nine years in the penitentiary. The appellate court denied defendant's motion filed under Rule 606(c) for leave to file a notice of appeal. We have allowed his petition for leave to appeal. The record shows that defendant's plea of guilty was entered and sentence imposed on March 19, 1973, in compliance with the terms of a plea agreement. The motion for leave to file a notice of appeal was filed in the appellate court on July 13, 1973.

Defendant contends that in taking his plea of guilty the trial court failed to comply with the provisions of Supreme Court Rule 402 in that the record shows that he did not, when he pleaded guilty, understand the nature of the charge of aggravated battery; that the affidavit filed in support of his motion for leave to file a notice of appeal shows that his failure to timely file was not due to his culpable negligence; that the sentence imposed violates section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(c)); and that the appellate court's denial of his motion was an abuse of discretion..

In their brief filed in this court the People concede that defendant's motion and affidavit raise a question of at least arguable merit whether prior to accepting the plea of guilty the circuit court complied with Rule 402. They concede that the sentence of not less than six nor more than nine years violates subsections (3) and (4) of section 5—8—1(c) of the Unified Code of Corrections in that the minimum term imposed exceeds one third of the maximum term set by the court. They argue that although the defendant has met the requirement of Rule 606(c) (50 Ill.2d R. 606) that his motion and affidavit show "that there is merit to the appeal," he has failed to show that "the failure to file a notice of appeal on time was not due to appellant's culpable negligence."

Motions filed under Rule 606(c) are addressed to the

sound discretion of the appellate court. (*Renfield Importers, Ltd. v. Modern Liquors, Inc.*, 55 Ill.2d 546; *People v. Brown*, 54 Ill.2d 21.) Although the transcript of the proceedings had when the plea of guilty was taken shows that in a brief colloquy with the court defendant stated that the act which constituted the aggravated battery was unintentional and that his contentions on appeal are not wholly without merit, the record also shows careful admonition by the circuit court, and compliance with a plea agreement. This record clearly does not show a violation of Rule 402 as plain error, and the affidavit filed in support of the motion does not show that the failure to file the notice of appeal on time was not due to defendant's culpable negligence. We are unable to say that in denying the motion the appellate court abused its discretion.

However, having allowed leave to appeal, on this record "we are able to and deem it desirable to make a complete adjudication of the issues ***." *Schatz v. Abbott Laboratories, Inc.*, 51 Ill.2d 143.

We consider now defendant's contention that when he pleaded guilty he did not understand the nature of the charge of aggravated battery. The record shows that the assistant State's Attorney stated what the People expected to prove. Defense counsel stipulated that the witnesses named by the assistant State's Attorney, if called, would testify to the facts constituting the offenses charged. We conclude that the record shows that the defendant understood the nature of the charge and that the trial court satisfied the requirements of Rule 402. *People v. Krantz*, 58 Ill.2d 187.

Under the provisions of the Unified Code of Corrections (sec. 5—8—1(c)(3)(4)) the minimum sentence must be reduced to three years, and the judgment of the circuit court of Cook County is accordingly so modified, and, as modified, is affirmed. The cause is remanded to the circuit court of Cook County with directions to issue a corrected

*mittimus* in conformance with this opinion.

*Judgment modified and affirmed;*
*cause remanded, with directions.*