THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SAMUEL G. JOSEPH, Defendant-Appellant.

(No. 74-189;

Third District—October 31, 1975.

James Geis and Robert Agostinelli, both of State Appellate Defender's Office, of Ottawa, for appellant.

Donald C. Woolsey, State's Attorney, of Galesburg (F. Stewart Merdian and Michael B. Weinstein, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Samuel Joseph was sentenced to a term of not less than 1 nor more than 3 years in the Illinois State Penitentiary. From the record it appears that defendant Joseph ran a stop sign on September 9, 1970, at a rural Knox County intersection, as a result of which he collided broadside with another vehicle. The driver of the other vehicle was killed and a female passenger in the Joseph car was also killed. Joseph was indicted on two counts of reckless homicide. He originally pleaded not guilty to both counts at his arraignment.

On March 12, 1973, the case was called pursuant to a local court rule concerning dismissal of criminal cases in which there had been no pleadings filed or proceedings for 2 or more years. The case proceeded in the usual manner and culminated in the plea of guilty to one count of the indictment on April 5, 1974. Defendant on appeal now argues that he was represented by incompetent counsel and asserts that his attorney did not seek the dismissal of the charges on the ground of a failure to

grant defendant a speedy trial. He also contends that the trial court abused its discretion in imposing sentence without first conducting a sentencing hearing.

The State also raises an issue on appeal and asserts that this court improvidently granted a petition by defendant for leave to file a late notice of appeal. The State likewise moved to amend the record by adding an affidavit of the State's Attorney and correspondence between the State's Attorney and defendant's trial counsel which took place during a portion of the period between the time of the entry of the plea of not guilty on November 9, 1970, and March 12, 1973.

We first give consideration to the contention that this court improvidently granted defendant's petition because he did not comply specifically with the Supreme Court Rule 606(c) (Ill. Rev. Stat. 1973, ch. 110A, § 606(c)). Under that rule, two methods of filing a criminal appeal after the usual 30-day notice of appeal period had expired, is provided for. First, a defendant may move for leave to appeal in the ensuing 30-day period with a showing of reasonable excuse for failure to file in time. Secondly, within a 6-month period following expiration of the initial 30-day appeal period, defendant may move for leave to appeal accompanied by an affidavit showing (a) that there is merit to the appeal and (b) that the failure to file in time was not due to defendant's culpable negligence.

Defendant was convicted on April 5, 1974, and five days after his time for appeal had expired, on May 10, 1974, he filed a *pro se* document entitled "Notice of Appeal" with the circuit court clerk. That clerk transmitted the record to this court. An affidavit filed later by defendant states that he filed his documents as soon as he discovered that the trial attorney had not pursued the appeal. In October 1974, this court ordered defendant to show cause why the appeal should not be dismissed for failure to follow timely filing procedure. As a result of such show cause order, it became apparent that counsel had never been appointed for defendant Joseph to represent him on appeal, and that Joseph was unable to employ counsel by reason of indigency. This court, therefore, on October 22, 1974, appointed the State Appellate Defender's office to represent defendant.

The 6-month period provided in Rule 606(c) expired on November 5, 1974. On November 18, 1974, the counsel appointed for defendant by this court filed a petition for leave to file a late notice of appeal and included therein an affidavit showing defendant's lack of fault in the delay and alleging meritorious grounds for appeal. We granted that petition on November 27, 1974.

The State contends that the petition was filed 13 days after the ex-

piration of the 6-month period (following the original 30-day period for notice of appeal) and cites our case of *People v. DeTienne* (3rd Dist. 1974), 17 Ill.App.3d 708, 309 N.E.2d 38, in which we dismissed an appeal after we had determined that we had improvidently granted a petition for leave to file late notice of appeal. We noted, however, that in *De Tienne*, the petition was filed almost 4 years after the conviction which was being appealed from became a final judgment. See 17 Ill.App.3d 708, 709.

In the cause before us defendant filed a *pro se* notice of appeal only 5 days after the expiration of the original appeal. It was defective only in that it did not suggest an excuse for late filing. The delay from that time until October could not be attributed to the defendant who apparently did not realize that no counsel had been appointed or was acting for him. When we appointed counsel, it took only 26 days for them to search the record for meritorious points, to prepare a petition, to obtain an affidavit from defendant who was in prison, and to file all of the required documents in the clerk's office of this court. Under the circumstances we believe that appointed counsel showed sufficient diligence since such counsel had only been appointed 13 days before the due date for the petition.

■■ We note that the State did not object to the petition until some 10 months after it was granted and then only in its brief. The State does not allege that any prejudice accrued to it by reason of the fact that the appeal was technically late, so far as time of filing was concerned. The granting or denial of a petition under Rule 606(c) is within the sound discretion of the appellate court and we believe it would be an abuse of our discretion under the circumstances and facts in this case to apply the time limiting factors so as to deny defendant his appeal in this case. (*People v. Hardaman* (1974), 59 Ill.2d 155, 156-57, 319 N.E.2d 800. See also *People v. Holiday* (1st Dist. 1974), 21 Ill.App.3d 796, 798, 316 N.E. 2d 236.) Accordingly, we have determined that we did not improvidently grant the petition to file late notice of appeal.

The principal issue raised on appeal is that of incompetence of counsel. This is based on the trial attorney's failure to raise a speedy trial issue in the trial court. Defendant cites *People v. Somerville* (1969), 42 Ill.2d 1, 5, 245 N.E.2d 461, where the Supreme Court said:

> "* * * where representation by counsel of defendant's choice is of such low calibre as to amount to no representation at all, or reduces the court proceedings to a farce or a sham, defendant is denied the fair trial contemplated by the due process guarantees of the Federal and State constitutions."

Under the facts in this case it is clear that the decision by counsel not

to ask for dismissal on speedy trial grounds certainly did not constitute "no representation at all." The 28-month gap in the record following the arraignment does not, per se, show that defendant was denied his constitutional right to a speedy trial.

The United States Supreme Court has held that whether or not a defendant has been denied a speedy trial is a question dependent upon four factors which must be evaluated and balanced on the facts in each case. (*Barker v. Wingo*, 407 U.S. 514, 33 L.Ed.2d 101, 92 S.Ct. 2182 (1972).) The factors are: length of the delay, reason for the delay, whether or not defendant demanded trial, and the prejudice accruing to the defendant. We should also observe at this point that defendant had apparently moved to California in violation of his bond and remained there and had established residence at the time this cause was set for trial. The length of the time during which the State made no attempt as shown by the record to advance the proceeding was 28 months. While the record reflects no reason for the delay, there is nothing in the record to suggest that defendant demanded trial or in any manner whatsoever manifested a desire to expedite the trial.

Defendant also does not allege any prejudice to himself by reason of the delay, and, as a matter of fact, he finally pleaded guilty to the charges. Counsel for defendant did not in any manner act incompetently. Once the case was returned to the active docket, counsel conducted the defense, largely in the absence of defendant Joseph, who sought through his counsel, and was granted leave to return to California where he had been living and working in violation of his bail for some time. Counsel was able to negotiate an agreement to cause one of the two reckless homicide charges against defendant Joseph to be dropped, and the record reflects generally that defendant was well represented throughout the lengthy proceedings.

It is not only not apparent that a speedy trial claim would have successfully resulted in a dismissal, but the delay actually may have helped the defendant, and could clearly have been a tactic of defense counsel and not an oversight. *Barker v. Wingo*, 407 U.S. 514, 521, 33 L.Ed.2d, 101, 111-12.

On the issue of incompetency of counsel, the State by its motion seeks to amend the record to show several letters between trial counsel and the State's Attorney during the period under consideration prior to the trial of this cause. We do not believe it is necessary to permit the amendment of such record, since from the record as it was filed we can make a determination of the issue and we find that there was no incompetency of counsel. The material contained in the motion to amend would have been relevant under the particular issue, and, obviously, if a speedy trial

motion had been made, the record would have been supplemented with such material, and the motion for dismissal would have been rejected.

We note that defendant filed a motion for continuance on April 25, 1973, in which he requested that the trial date be set back to the third week of May 1973. The reason for the request was twofold: (1) to allow a plea-bargain agreement to be submitted to the court; and (2) that it would be inconvenient, if not impossible, for defendant who was "now residing in California" to be present in court on April 25, 1973. The motion apparently was granted and the negotiations continued as to the plea bargaining. It was not only apparent that defendant had left the State of Illinois without leave of court but defense counsel in the cause before us requested that defendant be granted leave to return to the State of California. The State agreed to this request and it was granted on the condition that defendant appear in court when required to do so by court order.

Unlike the case before us, defendant in *People v. Gray* (3rd Dist. 1972), 7 Ill.App.3d 526, 288 N.E.2d 26, raised the speedy-trial issue in the trial court. The issue was rejected by the court and this court ruled that, without a showing of actual prejudice to defendant, the appellate court could not conclude that mere length of delay violated defendant's constitutional rights.

● 2   In the case of *People v. Gray* there was a 45-month delay between the commission of the offense (a similar traffic accident resulting in death) and the beginning of trial. During that time there was a 3-year period which passed without anything happening but a change of attorneys for both sides. In the *Gray* case we relied on *Barker v. Wingo* and found that the delay did not create a presumption of prejudice against the defendant nor was there any prejudice apparent from the record. The lack of prejudice, coupled with the lack of demand for trial by defendant, led us to conclude that defendant was not denied his constitutional right to a speedy trial. We suggested there, as we do here, that this type of delay is pointless and should never normally occur in the judicial process, as it is usually largely counterproductive. It is understandable, however, that a defendant would seek to delay a case of this type, on the premise that a more favorable atmosphere would be created as a result of such delay. On the basis of the record before us, therefore, we conclude that the defendant was not deprived of his right to effective representation of counsel in this case.

■■   Defendant's final argument is that the court committed error in imposing a penitentiary sentence without first conducting a sentencing hearing as provided in the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38 § 1005—4—1). It is contended that a sentencing hearing is

mandatory in accordance with the language of the section providing for sentencing hearing. The record here, however, shows that the defendant waived the hearing in aggravation and mitigation (which was the old name for the sentencing hearing). The waiver was made in open court following the trial court's acceptance of the guilty plea of defendant. We have recently concluded that a defendant can knowledgeably waive his right to a sentencing hearing under section 5—4—1. *People v. Yepsen* (3rd Dist. 1975), 30 Ill.App.3d 484, 333 N.E.2d 565. See also *People v. Melvin* (5th Dist. 1975), 27 Ill.App.3d 269, 273, 327 N.E.2d 139. Since defendant waived the sentencing hearing, he cannot now complain that he did not have one.

For the reasons stated, therefore, the judgment of the Circuit Court of Knox County is herewith affirmed.

Affirmed.

STENGEL and BARRY, JJ., concur.