THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DEE WILLIE KEYS, Defendant-Appellant.

Fourth District   No. 4—89—0496

Opinion filed March 8, 1990.

Daniel D. Yuhas and John J. Hanlon, both of State Appellate Defender's Office, of Springfield, for appellant.

Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle, Robert J. Biderman, and Dale M. Wood, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

After a bench trial, defendant was convicted of two counts of delivery of a controlled substance. The trial court sentenced defendant to two concurrent three-year terms of imprisonment and fined him $100. Defendant appeals, claiming ineffective assistance of counsel and the right to full credit toward the $100 fine imposed.

The record shows that defendant was arrested on January 8, 1987. The next day, January 9, a four-count information was filed in Vermilion County charging defendant with two counts of delivery of a controlled substance and two counts of possession of a controlled substance in violation of sections 401(c) and 402(b) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1987, ch. 56½, pars. 1401(c), 1402(b)). Defendant was subsequently released on bail, and the charges involving possession of a controlled substance were nol-prossed prior to the bench trial.

On January 23, 1987, a trial date of May 6, 1987, was set. However, no trial or hearing occurred on May 6, 1987. Later, a trial date of February 17, 1988, was set, and on that day the parties appeared before the court. Defendant addressed the court and stated his dissatisfaction with his attorney, a public defender, for not quickly resolving the matter. The public defender replied:

> "Mr. Keys did express to me that he wished to have the matter resolved as soon as possible. Best of my recollection he did not

ask for a speedy trial demand under section 103—5(b) or anything close to that or that something be filed, which would set in motion a deadline.

I indicated it was general policy of our office not to file such demand in that what that does frankly is to alert the Court and the State to set the trial at an early date, and at least in certain cases, if the defendant is at liberty, on bail, we find that sometimes, most of the time, tactical advantages will arise in the matter if there is not a speedy trial demand set."

The court then explained the reason for the delay, blaming court congestion and a judge's retirement. Defendant asked for, and received, a continuance.

On February 23, 1988, the public defender withdrew from the case and another attorney was appointed to represent defendant. The matter was continued several more times on defendant's motions. In April 1988, defendant fled the State of Illinois and was absent for a court appearance on May 11, 1988. Defendant was taken into custody in Memphis, Tennessee, on September 23, 1988, and remained incarcerated until his bench trial on January 4, 1989, where he was convicted of the two counts of delivery of a controlled substance.

Defendant first contends that the trial court denied him the sixth amendment right to the effective assistance of counsel. Specifically, defendant argues that the public defender ignored his clear directions to file a 160-day speedy trial demand, resulting in the delay from January 9, 1987, until February 17, 1988. Defendant claims that had the public defender filed for a speedy trial, he would have been entitled to a dismissal of the charges against him, as the speedy trial statute provides that every person on bail shall be tried within 160 days from the date defendant demands trial. Ill. Rev. Stat. 1987, ch. 38, par. 103—5(b).

■ To establish ineffective assistance of counsel, defendant must first show that his counsel's performance fell below an objective standard of reasonableness. Defendant must then show that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064; *People v. Owens* (1989), 129 Ill. 2d 303, 544 N.E.2d 276.

■ As defendant notes, Illinois courts have recognized that a failure of defense counsel to move for a dismissal under the 120-day rule of the Illinois speedy trial statute (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(a)) may constitute the deprivation of the effective assistance of counsel in violation of the sixth amendment. (*People v. Howard*

(1985), 130 Ill. App. 3d 967, 474 N.E.2d 1345; *People v. Morris* (1954), 3 Ill. 2d 437, 121 N.E.2d 810 (involving the predecessor statute to section 103—5).) Likewise, defendant argues, the failure of defense counsel to file a 160-day speedy trial demand, pursuant to section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(b)), constituted a violation of the sixth amendment right to the effective assistance of counsel. Defendant's argument fails for two reasons: (1) the record does not support defendant's view that he instructed counsel to file a demand for a speedy trial; and (2) the decision to file a demand for a speedy trial is a strategic matter left for counsel. Furthermore, defendant has waived the issue for appeal.

Defendant had the statutory right to a speedy trial. (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(b).) Because defendant was admitted to bail, he had to demand a speedy trial to be tried within the 160 days provided by section 103—5(b). Defendant claims that he instructed his attorney to procure a speedy trial. What the record shows, however, is that defendant asked counsel to resolve the matter as soon as possible, and that counsel advised defendant it would be to defendant's advantage not to demand a speedy trial. After being told of tactical advantages, defendant never insisted that counsel demand a speedy trial. Nor did defendant inform the court that he desired a speedy trial until February 17, 1988. Defendant acknowledges that all delays after February 17, 1988, are attributable to him.

Even if we were to find that defendant insisted defense counsel demand a speedy trial, the decision to not file a demand for speedy trial is a strategic matter left to the attorney. Defendant argues, however, that he has the right to make his own defense (*Faretta v. California* (1975), 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525), and that a speedy trial is a fundamental right. (*Dickey v. Florida* (1970), 398 U.S. 30, 37, 26 L. Ed. 2d 26, 31-32, 90 S. Ct. 1564, 1568; *People v. Jones* (1981), 84 Ill. 2d 162, 168, 417 N.E.2d 1301, 1304.) Defendant further argues that the decision as to whether or not to demand a speedy trial cannot be deemed a trial tactic, as the only realistic tactical reason not to file the demand would be for the sake of delay alone. Thus, defendant maintains, it should be his decision whether to file a demand for a speedy trial.

While the accused has the right to make decisions involving certain fundamental rights, strategic matters involving the superior ability of trained counsel are left for the attorney. (*Jones v. Barnes* (1983), 463 U.S. 745, 751, 77 L. Ed. 2d 987, 993, 103 S. Ct. 3308, 3312.) Fundamental rights the Supreme Court has found to be per-

sonal to the defendant include: (1) the decision to plead guilty or take action tantamount to entering a guilty plea; (2) the decision to waive the right to jury trial; (3) the decision to testify on his own behalf; and (4) the decision to forgo an appeal. (*Jones*, 463 U.S. at 751, 77 L. Ed. 2d at 993, 103 S. Ct. at 3312.) According to a leading treatise, the Supreme Court has also indicated in holdings or *dictum* that, in certain matters, the ultimate decision is best left to counsel, including: (1) whether to bar the prosecution from using unconstitutionally obtained evidence (*Wainwright v. Sykes* (1977), 433 U.S. 72, 91, 53 L. Ed. 2d 594, 610, 97 S. Ct. 2497, 2508); (2) whether to obtain a dismissal of an indictment on the ground of racial discrimination in the selection of the grand jury (*Tollett v. Henderson* (1973), 411 U.S. 258, 267-68, 36 L. Ed. 2d 235, 243-44, 93 S. Ct. 1602, 1608); (3) whether to wear civilian clothes, rather than prison garb, during trial (*Estelle v. Williams* (1976), 425 U.S. 501, 508-14 & nn.3 & 9, 48 L. Ed. 2d 126, 133-36 & nn.3 & 9, 96 S. Ct. 1691, 1695-98 & nn.3 & 9); (4) whether to strike an improper jury instruction (*Engle v. Isaac* (1982), 456 U.S. 107, 128-29 & n.34, 71 L. Ed. 2d 783, 801 & n.34, 102 S. Ct. 1558, 1572 & n.34); (5) whether to include a particular nonfrivolous claim among the issues briefed and argued on appeal (*Jones*, 463 U.S. 745, 754, 77 L. Ed. 2d 987, 995, 103 S. Ct. 3308, 3314); (6) whether to forgo cross-examination (*Taylor v. Illinois* (1988), 484 U.S. 400, 418, 98 L. Ed. 2d 798, 816, 108 S. Ct. 646, 657); (7) whether or not to put certain witnesses (other than defendant) on the stand (*Taylor*, 484 U.S. 400, 418, 98 L. Ed. 2d 798, 816, 108 S. Ct. 646, 657); and (8) whether to disclose the identity of certain witnesses in advance of trial (*Taylor*, 484 U.S. 400, 418, 98 L. Ed. 2d 798, 816, 108 S. Ct. 646, 657). (See 2 W. LaFave & J. Israel, Criminal Procedure §11.6, at 57-58 (1984); at 12-13 (1989 Supp.).) Lower court rulings have added to the list of decisions belonging to defense counsel, including whether to seek a continuance and thereby relinquish a statutory right to trial within a specified period. *People v. Carr* (1972), 9 Ill. App. 3d 382, 292 N.E.2d 492.

▪ No authority has been brought to our attention that suggests the decision to demand a speedy trial is personal to the defendant. Instead, courts have recognized the importance of not demanding a speedy trial as a powerful delay tactic. (*Barker v. Wingo* (1972), 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182; *People v. Joseph* (1975), 33 Ill. App. 3d 315, 337 N.E.2d 110.) The Supreme Court in *Barker* noted that delay may work to the accused's advantage and is not an uncommon defense tactic. As time passes, witnesses may become unavailable, or their memory might fade. And, if these witnesses sup-

port the prosecution, the case against defendant will be weakened. (*Barker*, 407 U.S. at 521, 33 L. Ed. 2d at 111, 92 S. Ct. at 2187.) Defense counsel in the instant case stated that it was his office's general policy to not demand a speedy trial for tactical purposes.

Furthermore, Illinois courts have recognized that the decision to demand a speedy trial may be determined by counsel over defendant's objections. (*Carr*, 9 Ill. App. 3d 382, 292 N.E.2d 492.) In *Carr*, the trial court granted defense counsel a continuance over the strenuous objection of defendant, who demanded speedy trial. The trial court allowed defense counsel to make the decision, even though, in doing so, defendant relinquished the statutory right to be tried within 120 days of his arrest. See also *People v. Ford* (1975), 34 Ill. App. 3d 79, 339 N.E.2d 293.

The two cases defendant cites as authority to show that a failure to move for a dismissal under the 120-day rule of the Illinois speedy trial statute may constitute ineffective assistance of counsel are readily distinguishable from the present case. Both *Howard* and *Morris* dealt with defendants confined to prison during the delay in question. A defendant confined to prison need not file a demand for speedy trial to be brought to trial within the statutory 120 days after being taken into custody. (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(a).) The defendant in *Morris* spent more than 120 days in prison between his arrest and hearing, and thus had the undeniable right to discharge under the predecessor statute to section 103—5 (Ill. Rev. Stat. 1953, ch. 38, par. 748). However, at trial, defendant's attorney, a public defender, failed to move for a dismissal of the charges. The Illinois Supreme Court agreed that defendant had been denied the effective assistance of counsel because the public defender failed to move for a dismissal of the charges pursuant to the 120-day rule, and because the attorney admitted paying little attention to the case.

The defendant in *Howard* used a similar argument as the defendant in *Morris*, that his attorney failed to seek a discharge under the 120-day rule provided in section 103—5(a). The *Howard* court, however, found no merit in defendant's argument, as the 120-day speedy trial term had been temporarily suspended by trial continuances requested by defendant. These two cases would only have significance in the present case if defense counsel had demanded speedy trial, 160 days had passed, defendant had the undeniable right to discharge under section 103—5(b), and counsel subsequently failed to raise the issue during trial.

■ Because the decision to demand speedy trial is a strategic matter left for counsel, and because the record shows that defendant

failed to instruct his attorney to demand a speedy trial, defendant has not shown that his counsel's actions fell below an objective standard of reasonableness as required by *Strickland*. As such, defendant's claim for ineffective assistance of counsel must fail.

■ Moreover, we find defendant has waived the issue for review. A defendant's failure to include an issue in a post-trial motion results in a waiver of that issue on appeal. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.) The record shows that defendant failed to include this issue in his motion for a new trial. Therefore, the ineffective assistance of counsel issue is waived. *People v. Tyrrel* (1989), 185 Ill. App. 3d 57, 540 N.E.2d 828.

■ Defendant's next contention is that he is entitled to full credit toward the $100 fine that was imposed. The State concedes the point. Defendant was assessed a statutory fine of $100. Prior to the commencement of trial, defendant was incarcerated for 111 days of the two years between his arrest and trial. Defendant is entitled to $5-a-day credit for each day incarcerated because the offenses in question were bailable. (Ill. Rev. Stat. 1987, ch. 38, par. 110—14.) Accordingly, the fine is vacated.

Affirmed in part; vacated in part and remanded.

LUND and McCULLOUGH, JJ., concur.