NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220833-U

NO. 4-22-0833

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 30, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| TERRY GLEN JOHNSON, | ) | No. 20CF470 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John P. Vespa, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices Cavanagh and Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed defendant's conviction and sentence where his
counsel was not ineffective for failing to make a speedy-trial demand.

¶ 2    Defendant, Terry Glen Johnson, appeals his conviction of unlawful possession of

methamphetamine (720 ILCS 646/60A (West 2020)) following a jury trial. He contends his

counsel was ineffective for failing to demand a speedy trial when the trial court granted the State

a trial continuance. We affirm.

¶ 3                              I. BACKGROUND

¶ 4    On September 8, 2020, a Peoria County grand jury charged defendant with

unlawful possession with intent to deliver a controlled substance (720 ILCS 570/401(A)(2)(A)

(West 2020)) (count I), unlawful delivery of methamphetamine (720 ILCS 646/55(A)(1) (West

2020)) (count II), unlawful possession of a controlled substance (720 ILCS 570/402(A)(2)(A)

(West 2020)) (count III), and unlawful possession of methamphetamine (720 ILCS 646/60A (West 2020)) (count IV). On September 9, 2020, defendant posted bond and was released from custody. Also on September 9, 2020, the State filed a "notice to defense counsel" that it was furnishing the defense with "[d]iscovery materials" pursuant to Illinois Supreme Court Rule 412 (eff. Mar. 1, 2001). The matter was then continued from time to time.

¶ 5        On March 25, 2021, the parties appeared in court for a scheduling conference at which defendant answered "ready for trial." The trial court set the matter for trial on April 5, 2021. On April 5, the State indicated it was ready for trial, but defense counsel represented that defendant wished to subpoena an additional witness. The court granted defendant a continuance. The parties again appeared in court on August 12, 2021, at which time defendant answered ready for trial. The State indicated it was missing a witness. The court noted that defendant "want[ed] to object to [a continuance]." Defendant himself stated: "Yeah, I want to—I'm ready." The court rescheduled the trial date and asked defendant if he was "ready, willing, and able" to go to trial on that date. The following exchange between defendant and the court occurred:

"THE DEFENDANT: Yes, sir. I appreciate it.

THE COURT: Did you have any questions?

THE DEFENDANT: No, sir. You said the best thing in my life today. I'm ready.

***

THE DEFENDANT: I'm tired of waiting."

¶ 6        The parties next appeared in court on August 23, 2021. The trial court informed defendant the matter would be continued for a scheduling conference and trial on January 31, 2022, due to the State not having a laboratory report. Defense counsel objected to the continuance.

Defendant stated, "I thought I was going to trial today." The written continuance order entered on August 23 stated: "Incomplete lab report. Additional testing required to support charges." On January 31, 2022, defendant, through his counsel, answered ready for trial. The State again moved for a continuance because the prosecutor had been ill and was unprepared for trial. Defense counsel objected, arguing that defendant had been "waiting patiently" for his trial. Defense counsel was also concerned that an impending snowstorm would further delay the trial. Over defendant's objection, the court granted the State another continuance.

¶ 7        The matter was next before the trial court on May 5, 2022. Both sides answered ready for trial, which was scheduled to begin on May 16. Defendant asked the court when the case was "really [going to] be ready." Defendant added: "I thought I had a speedy trial. I guess that [*sic*] out the window." The court addressed defense counsel: "[Y]ou need to talk to your client and see if there's a motion needs to be filed then." Defendant stated: "I told him. He already know [*sic*]." Defense counsel stated, "We discussed the issue. [Defendant] has been out of custody. There's been no speedy trial demand." Defendant then stated: "I said a hundred times. You too, [Judge]." The court noted the supreme court had suspended "speedy trial rights" due to the COVID-19 pandemic, which "delayed" all court proceedings.

¶ 8        On May 16, 2022, the matter proceeded to a jury trial on the charges of unlawful possession of methamphetamine with intent to deliver and unlawful possession of methamphetamine. (These charges correlate to counts II and IV of the indictment. The record does not reflect when the State dismissed the remaining counts.) The evidence at trial showed the following. At approximately 4:30 a.m. on August 21, 2020, City of Peoria police officers effected a traffic stop on a vehicle driven by defendant. Upon approaching the vehicle, the police saw defendant stuff a black plastic bag between the driver's seat and the driver's side door. The police

also observed a "cannabis blunt" in plain view in a glass in the car's center console. Defendant disobeyed multiple commands to exit the vehicle and then fled the scene at a high rate of speed. When defendant was eventually apprehended, he had suspected cannabis and $568 on his person. Defendant also possessed pills, which the crime laboratory did not analyze other than to say they were not prescription medications. The police located the black plastic bag about 30 feet away from defendant's vehicle. Inside the bag were seven small baggies. The crime laboratory's analysis of the contents of five of the seven baggies yielded a finding of 5.236 grams of methamphetamine. Defendant testified that after the police pulled him over for a traffic violation, he told the officers the object on his console was a "blunt." When the officers commanded him to exit his vehicle, he asked them to explain their "probable cause." Defendant explained that he "took off" because he was scared the police would seize his car. Defendant denied possessing the plastic bag or throwing it out of his car. The jury convicted defendant of unlawful possession of methamphetamine. (The record shows this was the only verdict form signed by the jurors.) Defendant filed a timely posttrial motion alleging that he was not proved guilty beyond a reasonable doubt, which the trial court denied. The court sentenced defendant to seven years' incarceration based upon his seven prior felony convictions and four revocations of probation.

¶ 9        This timely appeal followed.

¶ 10                            II. ANALYSIS

¶ 11        Defendant contends his trial counsel was ineffective when he failed to make a demand for a speedy trial on August 23, 2021, after the State obtained a continuance over his objection.

¶ 12        "To establish ineffective assistance of counsel, a defendant must show his counsel's performance was (1) deficient and (2) prejudicial." *People v. Bates*, 2018 IL App (4th) 160255,

¶ 46. To establish deficient performance, the defendant must demonstrate his counsel's performance fell below an objective standard of reasonableness. *Bates*, 2018 IL App (4th) 160255, ¶ 47. To establish prejudice, the defendant must show that, but for counsel's errors, there is a reasonable probability the outcome of the proceeding would have been different. *Bates*, 2018 IL App (4th) 160255, ¶ 48. A "reasonable probability" is a "probability which undermines confidence in the outcome of the trial." *Bates*, 2018 IL App (4th) 160255, ¶ 48. The defendant's failure to satisfy either prong forecloses a finding of ineffective assistance of counsel. *Bates*, 2018 IL App (4th) 160255, ¶ 47. Our review is *de novo*. *Bates*, 2018 IL App (4th) 160255, ¶ 46.

¶ 13 Generally, every person released on bail shall be tried within 160 days from the date the defendant demands trial unless any delay is caused by the defendant. 725 ILCS 5/103-5(b) (West 2020)). If the defendant is not tried within the 160-day period, he or she is entitled to be discharged. 725 ILCS 5/103-5(d) (West 2020)). To invoke the 160-day period, the defendant must serve the State with a formal demand. *People v. Wooddell*, 219 Ill. 2d 166, 175 (2006). Here, despite defendant's own vocal objections to the State's requests for a continuance, his counsel never filed a speedy-trial demand. On appeal, defendant argues he has shown prejudice because had counsel filed such a demand on August 23, 2021, the speedy-trial period would have begun to run, and defendant would have been entitled to be discharged when he was not brought to trial until 266 days later.

¶ 14 The State argues this issue is better suited to collateral review because the record is silent as to (1) why counsel did not make a speedy-trial demand and (2) whether defendant asked counsel to make such a demand. Generally, defendants are required to raise ineffective-assistance-of-counsel claims on direct review if those claims are apparent on the record. *People v. Veach*, 2017 IL 120649, ¶ 46. Collateral review is necessary only where the

- 5 -

record is "incomplete or inadequate for resolving the claim." *Veach*, 2017 IL 120649, ¶ 46. Stated differently, the record must contain "sufficient information" to review the defendant's ineffective-assistance claim. *People v. Gayden*, 2020 IL 123505, ¶ 29. Collateral review is appropriate when the defendant's ineffective-assistance claim is based on "matters that are *entirely* outside the appellate record." (Emphasis added.) *In re R.M.*, 2022 IL App (4th) 210426, ¶¶ 23, 25.

¶ 15    Defendant asserts the record is adequate for review because it demonstrates (1) defendant wanted to be tried as quickly as possible and (2) defense counsel did not abide by defendant's wishes. Contrary to the State's assertion, the record is replete with defendant's statements that he wished to proceed to trial without delay. Defendant even referenced his right to a speedy trial at the May 5, 2022, hearing. At that hearing, defense counsel acknowledged he and defendant had discussed the "issue"—which we take to mean making a demand for speedy trial—because defense counsel stated, "There's been no speedy trial demand." Thus, it appears from the record that counsel had discussed the matter with defendant and made the strategic decision not to demand a speedy trial. Even though defendant insisted on a speedy trial, the decision not to file such a demand was a matter of strategy left to the attorney. See *People v. Keys*, 195 Ill. App. 3d 370, 373 (1990) (stating regardless of a defendant's insistence, whether to demand a speedy trial is a strategic decision left to the attorney).

¶ 16    Although counsel did not state his reason for not making a speedy-trial demand beyond noting defendant was free on bail, the record shows that on August 23, 2021—when defendant asserts counsel should have made a speedy-trial demand—the State had not completed providing its discovery to defendant because the State was missing a laboratory report necessary to support the charges against defendant. Discovery is the "mechanism" by which the defense acquires most of the material it needs to prepare for trial or make an informed decision about a

plea. *People v. Calloway*, 2019 IL App (1st) 160983, ¶ 69. "Due process requires automatic disclosure of material exculpatory evidence." *Calloway*, 2019 IL App (1st) 160983, ¶ 69. Defendant ignores that if the State did not have the laboratory report, neither did the defense. A laboratory finding that the substance contained within the black plastic bag was not contraband, or that the weight of the contraband would not support the charges, would have been favorable to the defense. In *People v. Horman*, 2018 IL App (3d) 160423, ¶ 19, the court held that defense counsel was not ineffective for failing to move for dismissal on speedy-trial grounds where the State's delay to obtain sensitive laboratory testing could have benefited the defendant. The court stated: "[D]efendant cannot establish that counsel was unreasonable for failing to move the circuit court for reconsideration of the continuance or a dismissal on speedy trial grounds." *Horman*, 2018 IL App (3d) 160423, ¶ 19. Thus, we determine that the instant record contains sufficient information to resolve defendant's ineffective-assistance-of-counsel claim. Counsel's choice not to demand speedy trial on August 23, 2021, was trial strategy. Discovery critical to defendant's ability to assess the strength of the State's case was outstanding, and defendant was not in custody. "The defendant must overcome the strong presumption that the challenged action or inaction may have been the product of sound trial strategy." *People v. Sturgeon*, 2019 IL App (4th) 170035, ¶ 83. "Counsel's strategic choices are virtually unchallengeable on appeal." *Sturgeon*, 2019 IL App (4th) 170035, ¶ 83.

¶ 17        Furthermore, defendant's argument rests upon the unfounded supposition the State would not have obtained a laboratory report in time to bring defendant to trial within 160 days of August 23, 2021. We cannot presume the State would not have brought defendant to trial within 160 days had counsel filed a speedy-trial demand. See *People v. Willis*, 235 Ill. App. 3d 1060, 1069 (1992).

¶ 18 Defendant also argues that defense counsel had an ethical obligation to "make reasonable efforts to expedite litigation consistent with the interests of the client." Ill. R. Prof'l Conduct (2010) R. 3.2 (eff. Jan. 1, 2010). Here, we determine that counsel's efforts were reasonable and attuned to defendant's interests for the reasons stated above.

¶ 19 Even if we agreed with defendant that his counsel's performance was deficient, defendant cannot establish prejudice. First, defendant's defense at trial was that he never possessed the black plastic bag containing the baggies of methamphetamine. Therefore, the delay between August 23, 2021, and trial on May 16, 2022, did not negatively affect his ability to present his defense. Second, defendant's argument that the State would not have brought him to trial within the statutory period had he demanded a speedy trial is pure speculation. In his opening brief, defendant even acknowledges that his argument "requires speculation." A claim of ineffective assistance of counsel "requires actual prejudice be shown, not mere speculation as to prejudice." *People v. Bew*, 228 Ill. 2d 122, 135 (2008). In *Willis*, we refused to speculate as to what would have happened had defense counsel filed a speedy-trial demand under the appropriate statute. *Willis*, 235 Ill. App. 3d at 1069.

¶ 20 Defendant relies on *People v. Mooney*, 2019 IL App (3d) 150607. *Mooney* is distinguishable. In *Mooney*, the defendant, unlike in our case, filed a speedy-trial demand. *Mooney*, 2019 IL App (3d) 150607, ¶ 3. The issue was whether trial counsel was ineffective for twice agreeing to continuances that tolled the speedy trial period. *Mooney*, 2019 IL App (3d) 150607, ¶ 10. The court held that counsel's performance was deficient. *Mooney*, 2019 IL App (3d) 150607, ¶ 25. Regarding prejudice, the court said there was "no perfect way to reconstruct what would have happened had counsel acted appropriately." *Mooney*, 2019 IL App (3d) 150607, ¶ 27. Nevertheless, the court found prejudice because the record showed the continuances were

improperly attributed to the defendant, resulting in the defendant actually being tried outside the statutory period. *Mooney*, 2019 IL App (3d) 150607, ¶ 28. Here, as discussed, defense counsel acted appropriately, and defendant's prejudice argument is wholly speculative. Accordingly, we reject defendant's contention of prejudice, and we affirm the trial court's judgment.

¶ 21                                  III. CONCLUSION

¶ 22          For the reasons stated, we affirm the trial court's judgment.

¶ 23          Affirmed.